CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 2 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH N. HARVEY,<br>MICHAEL G. KRONSTEIN<br><br>*Defendants* | CRIMINAL NO. 3:06cr00023–001<br>3:06cr00023–002<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on each Defendant's Motion to Stay Judgment and for Bond Pending Appeal, (docket entry no. 87 (Defendant Harvey); docket entry no. 98 (Defendant Kronstein)). For the following reasons, these motions will be DENIED in an order to follow.

## I. BACKGROUND

After a six-day trial, a jury found Defendant Kenneth N. Harvey ("Harvey") and Defendant Michael G. Kronstein each guilty of two counts of honest services wire fraud (in violation of 18 U.S.C. § 1343, 1346, 2) and one count of bribery (in violation of 18 U.S.C. § 201(b)). The defendants were sentenced to, among other things, a term of imprisonment,[1] three years of supervised release, and nearly $400,000 in restitution (jointly and severally). Both defendants filed timely appeals and filed motions to stay judgment and set bond pending appeal.

## II. DISCUSSION

The Bail Reform Act, codified at 18 U.S.C. §§ 3141–56, governs the issue of when a defendant may be released pending judicial proceedings. Specifically, 18 U.S.C. § 3143(b) governs release pending appeal for a criminal defendant who has already been sentenced. The

---

[1] Harvey was sentenced to seventy-two months of imprisonment; Kronstein was sentenced to seventy months.

- 1 -

presumption under § 3143(b)(1) is that the defendant be detained. *See* § 3143(b)(1) (requiring that a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal"—which is the case here with both Harvey and Kronstein—"shall ... be detained"). A defendant *must* be released pending appeal, however, if the court finds all four of the following:

> (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...";
> (2) "that the appeal is not for the purpose of delay";
> (3) "that the appeal ... raises a substantial question of law or fact"; and
> (4) "that the appeal is ... likely to result in—
>    (i) reversal,
>    (ii) an order for a new trial,
>    (iii) a sentence that does not include a term of imprisonment, or
>    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*See id.*[2] Although § 3143(b)(1) allows "some releases pending appeal, it is obvious from the statute that such releases are to be the exception." *United States v. Hamrick*, 720 F. Supp. 66, 67 (W.D.N.C. 1989).

### A. Defendant Harvey

Harvey's motion states that he adapted well to supervised release, that the record of the case tends to show that he is not a danger to himself or to the public, that he has no prior convictions, that he has friends and family who are willing to help him, that he is currently employed full-time, that he resides with his fiancé and her son, and that there is nothing in the record to suggest he will not appear when required. Harvey also alleges that the evidence adduced at trial was mostly circumstantial and that the United States did not prove beyond a reasonable doubt all of the elements of the charges against him. Harvey argues—"[s]pecifically,"

---

[2] A criminal defendant who has been found guilty of certain crimes is ineligible for release pending appeal, regardless of the § 3143(b)(1) factors; these crimes are not implicated here, however. *See* 18 U.S.C.A. § 3143(b)(2)

-2-

Case 3:06-cr-00023-NKM  Document 109  Filed 04/26/07  Page 2 of 4  Pageid#: 711

he says—that the record demonstrates that he did not accept or agree to accept anything of value in return for being influenced or induced to perform an official act or to commit a fraud; that there was either insufficient evidence or too little circumstantial evidence to support a conviction; and that these issues are close questions "that very well could be decided the other way."[3]

Whether Harvey's conviction was based on circumstantial or direct evidence is immaterial—a conviction may be based on either. Even assuming Harvey would not flee or pose a danger to the community and even assuming he appealed for reasons other than delay, Harvey fails to point to anything *specific* in the record or to any legal authority to demonstrate that his appeal raises a substantial question of law or fact, or that his appeal will result in a reversal, new trial, no term of imprisonment, or a reduced prison sentence. As such, I cannot find that Harvey has met the requirements for release under § 3143(b).

### B. Defendant Kronstein

Kronstein's motion states that he adapted well to supervised release, that the record of the case tends to show that he is not a danger to himself or to the public, that he has no prior convictions, that he has friends and family who are willing to help him, that he is currently employed full-time, that he resides with his wife in Virginia, and that there is nothing in the record to suggest he will not appear when required. Quite simply, the only § 3143 element applicable to Kronstein's motion is whether there is evidence that Kronstein will not likely flee or pose a danger to anyone else should he be released. Nothing in Kronstein's motion or before the Court could possibly allow me to infer that his appeal is not for purposes of delay; that his

---

(2007); *id.* § 3142(f)(1)(A)–(C).
[3] Harvey also argues that the sentence he received was excessive because the court "did not sufficiently take into account ... Harvey's ability to pay the restitution ordered." This argument is irrelevant to an analysis under § 3143:

appeal raises a substantial question of law or fact; or that his appeal will result in a reversal, new trial, no term of imprisonment, or a reduced sentence. As is clear by the language of § 3143(b), I must make such findings before allowing Kronstein to be released on bond pending appeal; based on the information before me, I cannot possibly make such findings. Therefore, Kronstein does not meet the requirements for release under § 3143(b).

For the foregoing reasons, Defendants' motions will be DENIED in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States District Judge

Date: April 26, 2007

---

the fourth factor under § 3143(b) relates only to the imprisonment portion of a sentence, not the restitution portion.