CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

APR 1 6 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  :  Criminal No. 3:06-cr-00023

KENNETH HARVEY and
MICHAEL KRONSTEIN,
        Defendants.  :  MEMORANDUM OPINION

This matter is before the Court upon consideration of the Government's Motion for Evidentiary Hearing on Restitution Award (docket no. 180). Defendants have filed responses in opposition to the motion. For the reasons stated herein, the motion will be granted.

Following a six-day jury trial in December 2006, Defendants Kenneth Harvey and Michael Kronstein were convicted of committing honest services wire fraud and bribery.[*] Each was sentenced to incarceration, and each was ordered jointly and severally liable for restitution of $383,621. On July 14, 2008, the United States Court of Appeals for the Fourth Circuit issued an opinion vacating the restitution order and remanding the matter for further proceedings, but in all other respects affirming Defendants' convictions and sentences. *U.S. v. Harvey*, 532 F.3d 326 (4th Cir. 2008). Regarding the restitution award, the Fourth Circuit concluded that the Government had failed to introduce sufficient evidence of actual loss at trial or sentencing, *id.* at 339-340, and held that this Court erred in using the amount of profit received by Mr. Kronstein's company to approximate the actual loss suffered by the Army for restitution purposes, *id.* at 340-341.

The instant motion states that the Government "is compelled to seek a further evidentiary

---

[*] Defendant Kenneth Harvey was an United States Army official who engineered the award of a multi-million-dollar government contract to a company owned and controlled by his close personal friend, Defendant Michael Kronstein. Throughout the three-year performance of the contract, Harvey solicited and accepted payments from Kronstein in exchange for a series of official actions by Harvey on behalf of Kronstein's company.

hearing in order to provide to the Court additional evidence regarding the actual loss suffered" by the Army. The Government underscores that it "does not have evidence that is either qualitatively or quantitatively different from that introduced at trial," and adds that, at a hearing, it will "offer the testimony of one or two of its trial witnesses so that the record [may] be developed with more specificity regarding the actual loss suffered by the Army as a result of the defendants' conduct."

Defendants oppose the motion, stating that "[t]he Court of Appeals did not order this court to hold evidentiary hearings to justify a restitution award; rather it only remanded the case back to the District Court to determine if a restitution award was proper under the 'actual loss' standard stated by the appellate court." Defendants add that "[t]he entire transcript of the trial . . . is . . . available . . . for purposes of arguing for or against a restitution award" and that "there is no justification for the government, with its nearly limitless resources, to be allowed to present additional evidence on the issue of actual loss to the government." Accordingly, Defendants request "that the government's attempt to procure a restitution award be limited to the evidence presented at the trial. . . ."

The Fourth Circuit vacated this Court's restitution orders and remanded the case, stating that, if I could "determine whether the amount of actual loss can be calculated," then I am "free to decide whether, in light of the statutory dictates of 18 U.S.C. §§ 3663 and 3664, new restitution orders should issue and in what amount and form." *Harvey*, 532 F.3d at 341. It is clear that restitution is an element of sentencing, *see* U.S.S.G. § 5E1.1, and the United States Sentencing Guidelines provide that, for sentencing purposes, an evidentiary hearing "may sometimes be the only reliable way to resolve disputed issues," U.S.S.G. § 6A1.3, comment (2008). Furthermore, the Court may schedule an additional hearing pursuant to 18 U.S.C. § 3664(d)(5) to address disputed issues of restitution.

Case 3:06-cr-00023-NKM    Document 183    Filed 04/16/09    Page 2 of 3    Pageid#: 2187

*See also, U.S. v. Gordon*, 393 F.3d 1044, 1049-1050 (9th Cir. 2004) (observing that the district court held an evidentiary hearing pursuant to § 3664(d)(5) to resolve disputed restitution issues), *cert. denied*, 546 U.S. 957 (2005); *U.S. v. Johnson*, 400 F.3d 187, 198-99 (4th Cir. 2005) (further postponement of post-sentencing restitution hearing was harmless in the absence of a showing that defendant was prejudiced by postponement), *cert. denied*, 546 U.S. 856 (2005). Pursuant to 18 U.S.S.G. § 3664(e), "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."

This is a sentencing matter on remand, not a question of Defendants' culpability, regarding which the Fourth Circuit observed that it did not doubt my "finding that Harvey and Kronstein 'ripped off' the government and profited unjustly." *Harvey*, 532 F.3d at 341. I cannot "determine whether the amount of actual loss can be calculated," and thus "whether . . . new restitution orders should issue and in what form," without giving the Government the opportunity to present evidence upon which I can make "appropriate findings as to the actual loss incurred by the government. . . ." *Id.*

Accordingly, the Government's motion (docket no. 180) will be granted.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 16th day of April, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

-3-

Case 3:06-cr-00023-NKM   Document 183   Filed 04/16/09   Page 3 of 3   Pageid#: 2188